IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE ROSENDO VALADEZ-CHAVEZ,

    Defendant.

Case No. 22-CR-310-JFH

## OPINION AND ORDER

Before the Court is an unopposed motion to expedite sentencing hearing and waive presentence investigation ("Motion") filed by Defendant Jose Rosendo Valadez-Chavez ("Defendant"). Dkt. No. 23. Defendant pled guilty to one count of unlawful reentry of a removed alien on December 12, 2022. *See* Dkt. No. 20; Dkt. No. 21; Dkt. No. 22. Defendant requests his presentence investigation be waived and his sentencing hearing be expedited. Dkt. No. 23. He states that the parties entered a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that stipulates a sentence of six (6) months. *Id.* at 2. According to the Motion, Defendant has been in custody since June 6, 2022, and requests an expedited sentencing because, if the Court accepts the plea agreement, Defendant will have already completed his six-month custodial sentence. *Id.*

Acceptance of 11(c)(1)(C) plea agreements is not a matter of right, and the Court has not yet accepted the parties' plea agreement. Moreover, the stipulated sentence would require a downward departure.[1] Under USSG §§5K2.0 and comment (n.5) and 6B1.2(c), where a plea agreement includes a specific sentence pursuant to Rule 11(c)(1)(C), the Court may accept the

---

[1] Defendant does not inform the Court of this necessary departure in the Motion, but the parties noted it in the plea agreement. Dkt. No. 21 at 12-13.

agreement if the Court is satisfied either that (a) the agreed sentence is within the applicable guideline range, which it is not in this case; or (b) the agreed sentence is outside the applicable guideline range for justifiable reasons and those reasons are set forth with specificity. ***Neither party has yet provided justifiable reasons for the Court to accept the outside-guideline plea agreement***. Given Defendant's June 6, 2022 arrest and December 12, 2022 stipulation to six (6) months' imprisonment, the 11(c)(1)(C) plea agreement appears to be an attempt to jump the line of the District's long sentencing backlog (discussed in more detail below). While the Court is mindful of its overburdened docket, it nonetheless takes every sentencing decision very seriously.

Simultaneous with seeking expedited sentencing, Defendant requests to waive his presentence investigation. Under Federal Rule of Criminal Procedure 32, the United States Probation Office must conduct a presentence investigation and submit a report to the Court before sentencing unless the Court finds that the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 and explains its finding on the record. Fed. R. Crim. P. 32(c)(1)(A)(ii). A defendant's waiver of presentence report is not effective without an order from the Court. And while the Court has broad discretion not to order a presentence investigation report, "dispensing with a presentence report should be done very rarely and then only if accompanied with a statement of the reasons therefor." *United States v. Manuella*, 478 F.2d 440, 442 (2d Cir. 1973).

Because of the unprecedented criminal caseloads resulting from the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S.Ct. 2452 (2020), the current average time between a change of plea and sentencing in this District is longer than anyone—litigants, attorneys, or the Court—would prefer. However, this by itself is not a sufficient reason for the Court to waive a presentence investigation before sentencing an individual. ***Defendant's waiver does not provide sufficient***

*factual background for the Court to find that the information in the record would enable it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without a presentence report.*[2]

IT IS THEREFORE ORDERED that Defendant's motion to expedite sentencing and waive presentence investigation [Dkt. No. 23] is DENIED.  The Court does not waive preparation of the presentence investigation report by the United States Probation Office.  Defendant may participate in the report preparation process, or not, as he so desires.

Dated this 14th day of December 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE

---

[2]  Section 3553 requires the Court to impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes of sentencing.  These purposes include the need for the sentence to reflect the seriousness of the crime, promote respect for the law, and provide just punishment for the offense.  Sentencing should deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation.  In addition to the guidelines and policy statements, the Court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need to avoid unwarranted sentence disparities among similarly situated defendants any needed training, medical care, or other treatment, and the types of sentences available.  18 U.S.C. § 3553(a).